■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LEWIS, Appellant. [830 NYS2d 312]—

Appeal by the defendant from an order of the County Court, Nassau County (Berkowitz, J.), rendered September 28, 2004, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant was convicted on September 28, 2004 of forcible touching under Penal Law § 130.52. Immediately before the imposition of sentence, a hearing was held to determine the defendant's risk level pursuant to the Sex Offender Registration Act (*see* Correction Law article 6-C). The County Court properly designated the defendant a level three sex offender based upon clear and convincing evidence consisting of the risk assessment instrument, the case summary, the probation report, the statement of the nine-year-old complainant, and the defendant's statement to police.

The evidence presented at the hearing as to the defendant's

history of alcohol abuse, which included the presentence report statement of the victim's mother, as well as the defendant's prior conviction for driving while intoxicated, was sufficient to justify the allocation of 15 points in that risk assessment category.

The defendant also was properly assessed risk assessment points for his failure to accept responsibility for the offense. Where, as here, the defendant continues to assert his innocence during the presentence investigation, his allocution to the offense at the time of the plea does not, by itself, establish his acceptance of responsibility. The County Court therefore properly allocated 10 points on that basis (*see People v Fortin*, 29 AD3d 765 [2006]; *People v Mitchell*, 300 AD2d 377 [2002]).

Finally, the defendant's willingness to accept the imposition of postrelease supervision was irrelevant to the objective determination as to whether points should be allocated pursuant to Correction Law § 168-*l* based upon the absence of release conditions that will minimize the risk of repeat offenses. Once the County Court determined that the defendant would be released without supervision, its inquiry was ended, and the assessment of 15 points based upon the absence of postrelease supervision was appropriate (*see People v Hyson*, 27 AD3d 919 [2006]). Miller, J.P., Spolzino, Florio and Angiolillo, JJ., concur.