■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASILIO MONTEZUMA REYES, Appellant. [851 NYS2d 489]—

Order, Supreme Court, New York County (Ruth Pickholz, J.), entered on or about May 25, 2006, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court properly assessed 30 points under the risk factor for prior crimes based on defendant's conviction of second-degree burglary, which is a "violent felony" under Penal Law § 70.02 (1) (b), and is therefore a "violent felony" under the guidelines of the Board of Examiners of Sex Offenders (*People v Wroten*, 286 AD2d 189, 197-199 [2001], *lv denied* 97 NY2d 610 [2002]). The guidelines' use of the Penal Law definition is consistent with the intent of the underlying statute (Correction Law § 168-*l* [5] [b] [ii], [iii]), which does not suggest in any manner that only those prior crimes that involve actual violence should be considered.

The court also properly assessed 15 points under the risk factor for drug or alcohol abuse, based on defendant's admissions to drug abuse (*see People v Roland*, 292 AD2d 271 [2002], *lv denied* 98 NY2d 614 [2002]). Contrary to defendant's argument, the applicable guideline requires a *history* of substance abuse, and not necessarily a drug-related conviction. We have considered and rejected defendant's remaining arguments concerning the court's assessment under this risk factor.

Defendant did not establish any special circumstances warranting a downward departure from his presumptive risk level (*see People v Guaman*, 8 AD3d 545 [2004]). Concur—Lippman, P.J., Tom, Buckley and Gonzalez, JJ.