(May 8, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIAS TEJADA, Appellant. [857 NYS2d 558]—

Order, Supreme Court, New York County (Charles H. Solomon, J.), entered on or about May 19, 2006, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The People met their burden of establishing, by clear and convincing evidence, risk factors bearing a sufficient total point score to support a level two sex offender adjudication. The court properly assessed points under the risk factor for relationship with the victim. Defendant and the victim were clearly strangers at the time of the sex crime, since his Internet exchanges with the victim over the course of three days did not rise to the level of any manner of acquaintanceship. In any event, to the extent defendant established a relationship, this was for the primary purpose of victimization, which was an alternative basis for the assessment under the guidelines. The court properly assessed points under the factor for alcohol abuse, since defendant's own admission was sufficient to establish that factor (*see e.g. People v Reyes*, 48 AD3d 267 [2008]), and properly assessed points under the factor for lack of supervised release, even though this was a matter beyond defendant's control (*see People v Lewis*, 37 AD3d 689, 690 [2007], *lv denied* 8 NY3d 814 [2007]). Concur—Lippman, P.J., Mazzarelli, Sweeny, Moskowitz and Renwick, JJ.