■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAJOR HARDEN, Appellant. [875 NYS2d 35]—

Order, Supreme Court, New York County (Gregory Carro, J.), entered on or about October 22, 2007, which adjudicated defendant a level three sex offender under the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The People met their burden of establishing, by clear and convincing evidence, risk factors bearing a sufficient total point score to support a level three adjudication. The risk factor for deviant sexual intercourse was established by grand jury testimony that was corroborated by a laboratory report. We conclude that this evidence was sufficiently reliable to meet the clear and convincing standard notwithstanding the presence of some inconsistencies. The court also properly assessed points under the factor for drug abuse based on defendant's own admission, coupled with his criminal history (*see People v Reyes*, 48 AD3d 267 [2008]), and assessed an appropriate number of points under the factor for lack of supervised release, although this was a matter beyond defendant's control (*see People v Lewis*, 37 AD3d 689, 690 [2007], *lv denied* 8 NY3d 814 [2007]).

Motion seeking leave to strike portions of brief denied. Concur—Andrias, J.P., Saxe, Acosta and Renwick, JJ.

■ ERNEST E. PASCUCCI et al., Appellants, v AGNES WILKE, M.D., Respondent. [873 NYS2d 910]—Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered July 24, 2007, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's failure to submit the clinical psychologist's opinion in admissible form left him with no admissible medical opinion evidence to rebut defendant's prima facie showing that she did not commit malpractice in treating the decedent (*see* CPLR 2106; *Sanchez v Romano*, 292 AD2d 202, 203 [2002]). Concur—Andrias, J.P., Saxe, Acosta and Renwick, JJ.