■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERMAL QOSHJA, Appellant. [899 NYS2d 722]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (William A. Wetzel, J.), rendered on or about September 8, 2008, and said appeal having been argued by counsel for the respective parties; and due deliberation having been had thereon, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Tom, J.P., Saxe, Friedman, Nardelli and Catterson, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO LISIEL, Appellant. [898 NYS2d 452]—

Order, Supreme Court, New York County (Lewis Bart Stone, J.), entered on or about November 3, 2005, which adjudicated defendant a level three sex offender under the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously affirmed, without costs.

The People met their burden of establishing, by clear and convincing evidence, risk factors bearing a sufficient total point score to support a level three adjudication. The court properly assessed 15 points under the factor for lack of supervised release (*see People v Lewis*, 37 AD3d 689, 690 [2007], *lv denied* 8 NY3d 814 [2007]), and there is no merit to defendant's argument that the SORA registration requirements themselves constitute a form of supervision. Since these points, when added to points that defendant does not contest, qualify him as a level three offender, we need not reach defendant's other claims. In any event, we find those claims unavailing. Concur—Tom, J.P., Saxe, Friedman, Nardelli and Catterson, JJ.