■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT A. BUNGER, Appellant. [912 NYS2d 145]—

Stein, J. Appeal from an order of the County Court of Broome County (Cawley, J.), entered September 9, 2009, which classified defendant as a risk level three sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act.

In 1999, defendant pleaded guilty to rape in the first degree and attempted sodomy in the first degree in full satisfaction of two indictments, and he was sentenced to a term of imprisonment of 8 to 16 years. In anticipation of his release from prison, the Board of Examiners of Sex Offenders classified defendant as a presumptive risk level three sex offender (145 points) in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). At the hearing that ensued, defendant successfully challenged the 15 points assessed for risk factor 11 (drug and alcohol abuse), reducing his risk assessment score to 130, which still presumptively classified him a risk level three sex offender. Finding no evidence that warranted a departure from that risk level assessment, County Court classified defendant as a risk level three sex offender and a sexually violent offender. Defendant now appeals.

We affirm. Defendant asserts that his risk level classification should be reduced to a risk level two status because County

Court improperly assessed him 20 points under risk factor 13 for unsatisfactory conduct while confined. We disagree. In determining whether the People have met their burden of establishing defendant's appropriate risk level classification by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Bateman*, 59 AD3d 788, 789 [2009]), County Court may consider reliable hearsay evidence, including the case summary (*see People v Stewart*, 61 AD3d 1059, 1060 [2009]; *People v Dickison*, 24 AD3d 980, 981 [2005], *lv denied* 6 NY3d 709 [2006]). Here, a finding that defendant engaged in sexual misconduct while in prison, which resulted in a tier III disciplinary proceeding, is supported by information contained in the case summary. Accordingly, we find that defendant was properly assigned 20 points under risk factor 13. Further, inasmuch as defendant's conviction for rape in the first degree is deemed a sexually violent offense for the purposes of the Sex Offender Registration Act (*see* Correction Law § 168-a [3]), we conclude that he was properly classified as a sexually violent offender (*see* Correction Law § 168-a [7]).

Mercure, J.P., Peters, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.