■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL WILLIAMS, Appellant. [945 NYS2d 305]—

Order, Supreme Court, New York County (Renee White, J.), entered on or about June 24, 2009, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed.

The People met their burden of establishing, by clear and convincing evidence, risk factors bearing a sufficient total point score to support a level three sex offender adjudication (*see* Correction Law § 168-n [3]). Defendant was properly assessed 30 points under risk factor 1 because the complainant's grand jury testimony provided clear and convincing evidence that the gun defendant displayed prior to raping her constituted a dangerous instrument (*see People v Pettigrew*, 14 NY3d 406, 408-409 [2010]; *People v Kost*, 82 AD3d 729 [2011]).

Twenty points were properly assessed under risk factor 7,

where the complainant testified that she had met defendant for the first time on the night he raped her (*see People v Tejada*, 51 AD3d 472 [2008]). The court properly assessed 10 points under risk factor 8, because although the prosecutor acknowledged that defendant had provided the police with different birth dates on different occasions, the court was entitled to rely on the statements defendant had made to authorities in 2003 regarding his birth date.

Defendant failed to preserve his contention that the court erred by relying upon his CPL article 730 exam to assess 15 points under the risk factor relating to drug and alcohol use (*see People v Windham*, 10 NY3d 801 [2008]), and we decline to review it in the interest of justice. As an alternate holding, we find that the court may consider a report of a CPL article 730 examination prepared in connection with the underlying conviction (*see People v Buford*, 56 AD3d 381 [2008]).

The court properly assessed 15 points under risk factor 12, because given his contradictory statements and his failure to participate in programs while incarcerated, there was no genuine acceptance of responsibility as required by the risk assessment guidelines (*see People v Mitchell*, 300 AD2d 377 [2002], *lv denied* 99 NY2d 510 [2003]; *People v Chilson*, 286 AD2d 828 [2001], *lv denied* 97 NY2d 655 [2001]).

Moreover, the court did not improperly double-count nor did it err when it did not set forth its reasons for designating defendant a sexually violent offender. Defendant pleaded guilty to attempted first degree rape (Penal Law §§ 110.00, 130.35 [1]), an enumerated sexually violent offense, and thus, the designation was required by statute (*see* Correction Law § 168-a [3] [a]; [7] [b]; *People v Bunger*, 78 AD3d 1433 [2010], *lv denied* 16 NY3d 710 [2011]; *People v Lockwood*, 308 AD2d 640 [2003]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.