The People of the State of New York, Respondent, 
against
Mario Valdivia, Defendant-Appellant.



Defendant appeals from an order of the Criminal Court of the City of New York, New York County (Neil E. Ross, J.), dated December 23, 2010, which, after a hearing, designated him a level two sex offender under the Sex Offender Registration Act (Correction Law Art. 6-C).




Per Curiam.
Order (Neil E. Ross, J.), dated December 23, 2010, affirmed.
The court properly adjudicated defendant a level two sex offender. Defendant's challenge to the 30-point assessment based upon his prior criminal history is lacking in merit, since he was previously convicted of a misdemeanor sex crime (see People v Kraegar, 42 AD3d 944 [2007]), specifically, the class A misdemeanor of forcible touching (see Penal Law § 130.52; see also People v Verdelli, 44 Misc 3d 144[A], 2014 NY Slip Op 51410[U] [App Term, 1st Dept. 2014]; People v Davis, 38 Misc 3d 127[A], 2012 NY Slip Op 52362[U] [App Term, 1st Dept. 2012], lv dismissed 20 NY3d 1093 [2013]). Defendant was also properly assessed 15 points under the factor for lack of supervised release (see People v Lewis, 37 AD3d 689, 690 [2007], lv denied 8 NY3d 814 [2007]), even if this was a matter beyond defendant's control (see People v Tejada, 51 AD3d 472 [2008]).
Since these points, when added to the points that defendant does not contest, qualify him as a level two sex offender, we need not reach defendant's remaining challenge to the 20-point assessment under the risk factor for number of victims.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 13, 2016