*339 OPINION OF THE COURT
Chief Judge DiFiore.
In People v Knox (12 NY3d 60, 69 [2009], cert denied 558 US 1011 [2009]), we held that “the Legislature c[an] constitutionally provide that all those convicted of kidnapping or unlawfully imprisoning children not their own, or of attempting to commit those crimes, be conclusively deemed sex offenders”— subject to the Sex Offender Registration Act (SORA) — even where there “was neither a sexual assault nor any discernible risk of one” associated with the SORA-qualifying offense.
Defendant does not dispute that he is a “sex offender” as defined by SORA. Rather, he protests his adjudication as a risk level three sex offender by the SORA hearing court following convictions for the assault and the unlawful imprisonment of his then-girlfriend’s eight-year-old son during which he caused serious physical injury to the child with a dangerous instrument. Specifically, the issue on appeal is whether the SORA hearing court abused its discretion in adjudicating defendant a risk level three where the unlawful imprisonment conviction, the qualifying crime for SORA, did not involve a sexual component. We find no abuse of discretion on this record.
I.
By all accounts, the facts are egregious. Defendant, along with his codefendant, tied codefendant’s eight-year-old son up, naked, in a standing position and repeatedly beat him with dangerous instruments for a period of approximately five days. The child, bruised and battered, was discovered by police in an “upper bedroom naked with his arms tied to the closet and bed post, a sock stuck into his mouth, a pillowcase tied over his head, [and] socks tied on his wrists and his feet with electrical cord.” As a result of this ordeal, the child suffered a collapsed lung, bruised intestines, a lacerated liver and pooled blood in the abdomen. Defendant was convicted of first-degree unlawful imprisonment (Penal Law § 135.10), two counts of first-degree assault (id. § 120.10 [1], [3]), and one count each of second degree assault (id. § 120.05 [8]) and endangering the welfare of a child (id. § 260.10 [1]).
As a nonparent convicted of unlawful imprisonment of a victim less than 17 years of age, defendant was required to *340 register as a sex offender pursuant to SORA (Correction Law § 168 et seq.). In preparation for defendant’s release, the Board of Examiners of Sex Offenders (the Board) prepared a risk assessment instrument (RAI) that assessed defendant a risk factor score of 55 points, warranting a level one classification.[1] The Board had assessed zero points for risk factor 2, “Sexual Contact with Victim.” The Board noted, however, that under the Guidelines, an override to level three was applicable because defendant inflicted serious physical injury to his victim. The Board further noted that no departure from that presumptive risk level was warranted.
At defendant’s SORA hearing — at which defendant waived his right to appear — defense counsel argued that a level one classification was appropriate, stating that “the defendant’s scored at a Level 55. It does not appear that any of the accusations of which [defendant] was accused were of a sexual nature and, therefore, we would not dispute the score of 55 and ask that there be no departure.”
The People, on reviewing the RAI, requested that for risk factor 1, “Use of Violence” in the current offense, the court assess defendant 30 points, as opposed to the 15 points assessed for “[i]nflicted physical injury,” because defendant was “armed with a dangerous instrument.” This additional 15 points brought the total risk factor score to 70 points, still a presumptive risk level one. The People also agreed with the Board’s application of the presumptive override to risk level three on the basis that the offender inflicted serious physical injury.
Defense counsel responded, arguing that “this is a sex, S-E-X, offender registration. And because [defendant’s] crime does not appear to have any of those connotations and allegations I think that a Level 1 is appropriate.”
County Court adjudicated defendant a level three sex offender, finding defendant’s total risk factor score was 70— constituting a risk level one — but employing the override to a presumptive risk level three for infliction of serious physical injury. The court “agree [d] with the Board’s recommendation and the People’s on the [p]resumptive [l]evel [three].” The court *341 declined to depart from that presumptive level, highlighting “the extensive serious injury inflicted upon the victim” which included “torture inflicted” and finding that defendant “pose[d] a serious risk to public safety that [wa]s not captured by the scoring instrument.”
The Appellate Division unanimously affirmed for the reasons stated by County Court (125 AD3d 1331 [4th Dept 2015]). This Court granted leave to appeal (25 NY3d 906 [2015]), and we now affirm.
II.
At a SORA hearing, the People must prove the facts to support a SORA risk-level classification by clear and convincing evidence (Correction Law § 168-n [3]). Here, defendant ultimately scored a total of 70 points on the RAI, warranting classification as a level one sex offender, and that score is not at issue in this appeal. However, the RAI also provides for four automatic overrides, the application of which will result in a presumptive risk assessment of level three (see Guidelines at 3-4). Relevant to this appeal, one of these overrides is for the “infliction of serious physical injury or the causing of death” {id. at 3). There is no dispute that defendant was convicted of the crime of first-degree assault, wherein he caused serious physical injury to the victim by the use of a dangerous instrument (see Penal Law § 120.10 [1]), and, therefore, the override was properly applied.
Nevertheless, the hearing court has the discretion to depart from a presumptive level (see Knox, 12 NY3d at 70). We have held that such departures are “the exception, not the rule” (People v Johnson, 11 NY3d 416, 421 [2008]). In determining whether to depart from a presumptive risk level, the hearing court weighs the aggravating or mitigating factors alleged by the departure-requesting party to assess whether, under the totality of the circumstances, a departure is warranted (People v Gillotti, 23 NY3d 841, 861 [2014]).[2]
In People v Cintron, decided in tandem with Knox, we addressed the question of whether “the courts below abused their discretion in not departing from the guideline level [three], since the crimes that gave rise to the adjudication did not involve sex” (12 NY3d at 70). We answered that question in the *342 negative, citing defendant Cintron’s “long record of violent conduct, including sexual violence” (id.).
In the present appeal, defendant’s argument that the SORA court erred in adjudicating him a level three sex offender is essentially twofold. Defendant argues (1) that SORA is unconstitutional as applied to him and (2) that the SORA court abused its discretion in “engaging in an upward departure” from a risk level one to three because defendant’s crime did not involve a sexual component.
III.
Defendant’s constitutional argument is unpreserved for this Court’s review (see People v Windham, 10 NY3d 801, 802 [2008]).
As to defendant’s remaining argument, defendant characterizes his level three adjudication as an “upward departure” from the presumptive risk level one warranted by the 70 points he was assessed. However, the application of the override for “infliction of serious physical injury,” “automatically result[s] in a presumptive risk assessment of level [three]” (Guidelines at 3). Therefore, properly framed, defendant’s argument is that the SORA court abused its discretion in declining to engage in a downward departure from the presumptive risk level three. We disagree.
Defendant’s sole argument to the SORA court was that the absence of a sexual component to his crime, in and of itself, warranted a level one adjudication. That factor, the existence of which was not in dispute, was considered in defendant’s RAI wherein the Board assessed him zero points for risk factor 2 — “Sexual Contact with Victim.” Defendant made no other argument of a mitigating factor to the SORA court in support of a downward departure. In the exercise of its discretion, the SORA court declined to depart from the presumptive risk level three.
At the SORA hearing, defendant was represented by counsel and afforded an opportunity to present any other mitigating factors. There is nothing in the record to suggest that the hearing court felt it did not possess the discretion to depart from the presumptive level three, nor to suggest that the hearing court did not exercise that discretion (cf. People v Reynolds, 68 AD3d 955, 955-956 [2d Dept 2009]). In fact, the court found that such a downward departure was not “warranted by the evidence,” making the finding that based on “the torture *343 inflicted” defendant “poses a serious risk to public safety that is not captured by the scoring instrument.”
On appeal, defendant attempts to distinguish his case from that of People v Cintron because he has no past criminal history of sexual offenses. However, absence of past sexual offenses alone does not compel a conclusion that the hearing court abused its discretion. Defendant was assessed no points for criminal history on his RAI and he made no argument before the SORA court that his past criminal history was not properly considered as a mitigating factor.[3]
Defendant’s argument asks this Court to have tunnel vision with respect to other aspects of his underlying offense, which included imprisoning a naked eight-year-old victim for five days in a bedroom and torturing him and causing serious physical injury.
Under these circumstances, it was not an abuse of discretion for the SORA court to decline to depart from the presumptive risk level three.
Accordingly, the order of the Appellate Division should be affirmed, without costs.

. A score between 0 and 70 results in a presumptive risk level one classification, while a score greater than 70 but less than 110 points results in a presumptive risk level two classification, and a score 110 points or greater results in a presumptive risk level three classification (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006] [hereinafter Guidelines]).

. Notably, Gillotti was decided after defendant’s SORA hearing in this matter.

. The dissent focuses on the standard by which County Court assessed the quantum of proof supporting the existence of the alleged mitigating factors — that there was no sexual component to his offense and that defendant’s criminal history did not include any sex crime or sexual violence. However, there was no factual dispute as to the existence of those factors, and the RAI reflected that “0” points were assessed for both. Therefore, County Court had every reason to find the existence of the factors was established by defendant. The issue here is whether County Court properly exercised its discretion “to determine whether the totality of the circumstances warrant [ed] a departure” (Gillotti, 23 NY3d at 861). We also decline to presume that, in affirming County Court’s order, the Appellate Division did not properly apply the law, particularly since the decision was rendered after this Court’s decision in Gillotti (23 NY3d 841).