# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

652
KA 15-00454
PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

KEVYN MICHAEL KREMBEL, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Joanne M. Winslow, J.), entered February 4, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Defendant was presumptively a level two risk based on the risk assessment instrument, but Supreme Court determined that defendant is a level three risk based on the presumptive override for a prior felony sex crime conviction. We reject defendant's contention that the court erred in failing to grant a downward departure to a level one risk inasmuch as defendant failed to establish by a preponderance of the evidence the existence of mitigating factors not adequately taken into account by the guidelines (*see People v Reber*, 145 AD3d 1627, 1627-1628). "In determining whether to depart from a presumptive risk level, the hearing court weighs the aggravating or mitigating factors alleged by the departure-requesting party to assess whether, under the totality of the circumstances, a departure is warranted" (*People v Howard*, 27 NY3d 337, 341). Such departures "are 'the exception, not the rule' " (*id.*). We conclude that defendant's mental or physical impairments, and the absence of past sexual contact with children, do not warrant a downward departure. Indeed, these factors were present before defendant committed the crimes underlying this proceeding, but they did not prevent him from committing those offenses.

Inasmuch as defendant does not dispute that he was previously convicted of a felony sex crime, and thus is presumptively a level

three risk (*see People v Edmunds*, 133 AD3d 1332, 1332, *lv denied* 26 NY3d 918), we do not address defendant's further contention that the court erred in its initial assessment of points before the application of the presumptive override.

Entered:  May 5, 2017                          Frances E. Cafarell
                                               Clerk of the Court