The People of the State of New York, Respondent,
against
Stephen Martinez, Defendant-Appellant.



Defendant, as limited by his brief, appeals from that portion of an order of the Criminal Court of the City of New York, New York County (Gilbert C. Hong, J.), dated September 22, 2015, which, after a hearing, designated him a level two sex offender under the Sex Offender Registration Act (Correction Law Art. 6-C).




Per Curiam.
Order (Gilbert C. Hong, J.), dated September 22, 2015, affirmed.
The record supports the level two sex offender adjudication. The SORA court properly assessed 15 points for defendant's history of drug or alcohol abuse, based upon defendant's own admissions to marijuana abuse, including his statement to probation officials that he had used marijuana on a daily basis (see People v Zewge, 142 AD3d 880, 881 [2016]; People v Tejada, 51 AD3d 472 [2008]). Defendant's alleged prolonged abstinence from drugs is an unreliable predictor of his risk of reoffense, or his potential threat to public safety, because defendant was incarcerated for most of the intervening time and defendant's alleged prolonged abstinence from drugs was due in large part to his term of incarceration (see People v Cruz, 139 AD3d 601, 602 [2016]).
Defendant was properly assessed 15 points under the factor for lack of supervised release, even if this was a matter beyond defendant's control (see People v Lewis, 37 AD3d 689, 690 [2007], lv denied 8 NY3d 814 [2007]).
In light of the defendant's contradictory statements, including his denial of guilt during his post-conviction Department of Probation interview, the defendant was also properly assessed 10 points under risk factor 12 for failure to accept responsibility for his criminal conduct (see People v Reede, 113 AD3d 663 [2014], lv denied 22 NY3d 865 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 22, 2018