The People of the State of New York, Respondent,
against
Basam Syed, Defendant-Appellant.



Defendant appeals from an order of the Criminal Court of the City of New York, New York County (Ann E. Scherzer, J.), dated May 30, 2014, which, after a hearing, designated him a level two sex offender under the Sex Offender Registration Act (Correction Law Art. 6-C).




Per Curiam.
Order (Ann E. Scherzer, J.), dated May 30, 2014, affirmed.
The court properly adjudicated defendant a level two sex offender. Defendant's challenge to the 30-point assessment based upon his prior criminal history is unpreserved for appellate review (see People v Gillotti, 23 NY3d 841, 854 [2014]), and we decline to review it in the interest of justice. Were we to review this contention, we would reject it, since defendant was previously convicted of a misdemeanor sex crime (see People v Kraeger, 42 AD3d 944 [2007]), specifically, the class A misdemeanor of forcible touching (see Penal Law § 130.52; see also People v Verdelli, 44 Misc 3d 144[A] [2014], 2014 NY Slip Op 51410[U][App Term, 1st Dept 2014]). 
The court properly assessed 15 points for defendant's history of drug or alcohol abuse, based upon defendant's admission in the presentence report that he had abused marijuana, cocaine and alcohol (see People v Zewge, 142 AD3d 880, 881 [2016]; People v Tejada, 51 AD3d 472 [2008]), and since he committed the underlying sex offense while under the influence of alcohol (see People v Watson, 112 AD3d 501, 502 [2013], lv denied 22 NY3d 863 [2014]). Defendant's alleged prolonged abstinence from drugs and alcohol while being supervised and tested during probation was of limited value in determining whether he would abuse drugs or alcohol when returned to the community (see People v McFarland, 120 AD3d 1121 [2014], lv denied 24 NY3d 1053 [2014]).
Defendant was also properly assessed 5 points under the factor for lack of supervised release (see People v Lewis, 37 AD3d 689, 690 [2007], lv denied 8 NY3d 814 [2007]), since he was not sentenced to any post-release supervision by the sentencing court when it imposed probation (see People v Miller, 77 AD3d 1386, 1387 [2010], lv denied 16 NY3d 701 [2011]) and notwithstanding that defendant was completing a period of post-release supervision for a prior conviction (see People v Reid, 141 AD3d 156, 159 [2016], lv denied 28 NY3d 901 [2016]). 
The court providently exercised its discretion in declining to grant a downward departure from defendant's presumptive risk level to level one (see People v Gillotti, 23 NY3d 841). Given defendant's overall criminal record, including two prior forcible touching convictions (see People v Callaghan, 56 AD3d 363 [2008], lv denied 12 NY3d 702 [2009]), his participation in the sex offender treatment program did not warrant such a departure (see People v Guardiola, 143 AD3d 519 [2016], lv denied 28 NY3d 912 [2017]), nor do any of the other factors described by defendant, which were already taken into account in the risk assessment instrument and, as such, provide no basis for a downward departure (see People v Diaz, 143 AD3d 552, 553 [2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 22, 2018