People v Almonte (2019 NY Slip Op 03282)





People v Almonte


2019 NY Slip Op 03282


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Friedman, J.P., Gische, Webber, Kahn, Oing, JJ.


9128 847/12

[*1]The People of the State of New York, Respondent,
v
Anthony Almonte, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Jonathan McCoy of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Kelly L. Smith of counsel), for respondent.



Order, Supreme Court, New York County (Jill Konviser, J.), entered on or about March 30, 2017, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly assessed 10 additional points, not sought by the People, based on the victim's correct age. Even assuming that this assessment implicates the 10-day notice provision of Correction Law § 168-n(3), defense counsel cited that provision but proceeded to waive an adjournment, which is the usual remedy for this type of notice violation, and did not seek any other remedy. Nor does defendant cite any prejudice from the lack of notice, or dispute on appeal that there was clear and convincing evidence to establish that the victim was five years old when the abuse began.
In any event, even without the 10 contested points, defendant would remain a level three offender for two independent reasons. First, without these points, defendant's point score is 120. Second, defendant's prior felony sex crime conviction automatically resulted in an override to level three (see People v Howard, 27 NY3d 337, 342 [2016]).
We also find that defense counsel did not make it clear to the court that she was requesting a downward departure from defendant's presumptive risk level; therefore, that claim is unpreserved. In any event, we find no basis for a downward departure see People v Gillotti, 23 NY3d 841, 861 [2014]), regardless of whether the correct point score is 130 or 120. The mitigating factors cited by defendant are outweighed by factors presenting a risk of future recidivism, including defendant's
commission of the present offense while on probation for his conviction of a sex crime involving a 14-year-old girl.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK