People v Morales (2021 NY Slip Op 01361)





People v Morales


2021 NY Slip Op 01361


Decided on March 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 09, 2021

Before: Gische, J.P., Singh, Moulton, González, JJ. 


Ind No. 99085/16 Appeal No. 13288 Case No. 2018-3898 

[*1]The People of the State of New York, Respondent,
v
Baudillo Morales Also Known as Baudilo Morales, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Natalie Rea of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Julia L. Chariott of counsel), for respondent.



Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about March 31, 2017, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Clear and convincing evidence supported the court's assessment of 15 points under the risk factor for a history of drug or alcohol abuse (see generally People v Howard, 27 NY3d 337, 341 [2016]). Contrary to defendant's contention, the record does not establish a prolonged period of abstinence, or abstinence from drugs at the time of the offense.
Regardless of whether defendant's correct point score is 105, as found by the court, or 90, as he contends, he remains a level two offender, and we find no basis for a downward departure (see generally People v Gillotti, 23 NY3d 841 [2014]). There was no overassessment of defendant's risk regarding his sexual relationship with an underage victim, given the circumstances surrounding the offense and the approximately 16-year age disparity between defendant and the 15-year-old victim (see e.g. People v Catalano, 178 AD3d 1460 [4th Dept 2019] lv denied 35 NY3d 906 [2020]). We also find nothing about defendant's risk assessment in Massachusetts, where he was also found to be at a moderate risk for reoffending, that would support a downward departure. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2021