People v Songster (2022 NY Slip Op 04570)

People v Songster

2022 NY Slip Op 04570

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2016-12187

[*1]The People of the State of New York, respondent,
v
Treymain Songster, appellant.

Justine Luongo, Attorney-in-Charge of the Criminal Defense Practice, New York, NY (Lorca Morello of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Neil Jon Firetog, J.), dated September 29, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In October 2008, a codefendant lured a 14-year-old girl to a location where the defendant and two others forced the child to remove her clothes, sexually assaulted her multiple times, and then demanded that she make them a profit of $1,000 by prostituting herself. The child eventually escaped and sought medical treatment for her injuries. Between June 1, 2009, and July 31, 2009, the defendant engaged in sexual intercourse with a 14-year-old girl with whom he was acquainted, took sexually explicit photographs of her, and then directed the child to engage in sexual intercourse with multiple individuals for profit. Between September 15, 2009, and October 11, 2009, the defendant, acting in concert with another, forced two female victims who were strangers to him, ages 15 and 18, to engage in prostitution. The 15-year-old child was restrained for some period of that time.
For the crimes that occurred in October 2008, the defendant pleaded guilty to rape in the first degree (Penal Law § 130.35[1] [sexual intercourse by forcible compulsion]) in satisfaction of an 83-count indictment. For the crimes that occurred in June and July 2009, the defendant pleaded guilty to promoting prostitution in the second degree (id. § 230.30[2]) in satisfaction of a 14-count indictment. For the crimes that occurred in September and October 2009, the defendant pleaded guilty to sex trafficking (two counts) (id. § 230.34[5][h]) in satisfaction of a 50-count indictment that charged his accomplice with, inter alia, kidnapping in the first degree and unlawful imprisonment in the second degree. The defendant's sentences were all run concurrently with one another.
Upon the defendant's impending release from prison, the Board of Examiners of Sex Offenders (hereinafter the Board) prepared a single case summary but three separate risk assessment instruments (hereinafter RAI) for the convictions under each indictment. The Supreme Court conducted one hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; [*2]hereinafter SORA), but issued three separate orders, rendering separate and different SORA adjudications as to each indictment, designating the defendant a level one, two, and three sex offender. With respect to the defendant's convictions of sex trafficking, the court found that the People had established the assessment of 115 points on the RAI, which rendered the defendant a presumptive level three sex offender. Although the court rejected the defendant's argument that 25 points should not be assessed under risk factor 2 for sexual intercourse with the victims, the court determined in the alternative, in effect, that an upward departure would be warranted based upon the defendant's offenses under the other indictments. With respect to the sex trafficking convictions, in an order dated September 29, 2016, the court designated the defendant a level three sex offender. The defendant appeals from that order, but not the orders that designated him a level one and two sex offender under the other indictments.
Initially, we note that where, as here, convictions under multiple indictments come up for disposition at the same SORA hearing, the Board should prepare a single RAI that "should be completed on the basis of all of the crimes" that are the subject of the disposition, considering them all together as the "Current Offense[s]" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5-6 [2006] [hereinafter Guidelines]), and the court should render a single SORA risk assessment determination (see People v Cook, 29 NY3d 114). Had the Supreme Court conducted a single risk assessment, the clear and convincing evidence presented at the hearing would have resulted in a total score on the RAI that would have rendered the defendant a presumptive level three sex offender, based upon points that were not objected to at the hearing. Neither the defendant nor the People, however, have objected to the procedure utilized. Accordingly, we review the order appealed from as it comes before us, that is, with the sex trafficking convictions as the only current offenses under consideration.
At a SORA hearing, "the People must prove the facts to support a SORA risk-level classification by clear and convincing evidence" (People v Howard, 27 NY3d 337, 341; see Correction Law § 168-n[3]). As the People correctly concede, the Supreme Court improperly assessed 25 points under risk factor 2 for sexual intercourse with the victims, as the People failed to establish by clear and convincing evidence that the defendant engaged in sexual intercourse with the victims of his sex trafficking convictions, or that, under the theory of accessorial liability, he shared the intent of any individuals who engaged in sexual intercourse with the victims (see Guidelines at 7, 9; People v Tingling, 201 AD3d 555, 556; People v Canady, 195 AD3d 752, 753; People v Blue, 186 AD3d 1088, 1090). Nor was there evidence of other sexual contact so as to warrant the assessment of 5 or 10 points under risk factor 2 (see Guidelines at 9).
The defendant's arguments as to the assessment of points under risk factors 1 and 4 are unpreserved for appellate review, as he did not oppose the People's request for the scoring of these points at the SORA hearing (see People v Gillotti, 23 NY3d 841, 854; People v Hawkins, 201 AD3d 976, 976-977). We decline to reach the arguments in the exercise of our interest of justice jurisdiction.
Contrary to the People's contention, the override for a "prior felony conviction for a sex crime" (Guidelines at 3, 19) does not apply in this case. At the time that the defendant committed the subject sex trafficking offenses, he had not yet been convicted of the crimes of rape in the first degree and promoting prostitution in the second degree, and thus, they do not constitute prior convictions (see People v Green, 192 AD3d 927, 927; People v Neuer, 86 AD3d 926, 927).
Subtracting the aforementioned 25 points results in a total of 90 points, and a presumptive risk level two classification.
Nevertheless, we affirm the order designating the defendant a level three sex offender, based upon the Supreme Court's alternate determination, in effect, that an upward departure was warranted. The record is sufficient for this Court to make its own findings of fact and conclusions of law in that respect (see People v Garofolo, 195 AD3d 958, 961; People v Larkin, 66 AD3d 592, 593). The People demonstrated, by clear and convincing evidence, that there were aggravating factors not adequately taken into account by the Guidelines (see People v Howard, 27 NY3d at 341; [*3]People v Gillotti, 23 NY3d at 861; see also Guidelines at 4). The defendant's convictions of rape in the first degree and promoting prostitution in the second degree were aggravating factors of a kind not taken into account by the Guidelines (see Guidelines at 14; People v Samuels, 199 AD3d 1034, 1036; People v Lezama, 199 AD3d 843, 844; People v Belle, 193 AD3d 989, 990; People v Leazer, 179 AD3d 848, 849). Moreover, considered together with the current offenses, these crimes demonstrated a pattern of sexually offending conduct and that an upward departure was needed to avoid an underassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Samuels, 199 AD3d at 1036; People v Berndt, 195 AD3d 1051, 1052).
The defendant's remaining contention is without merit.
Accordingly, the defendant was properly designated a level three sex offender.
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court