People v Forsyth (2024 NY Slip Op 02407)

People v Forsyth

2024 NY Slip Op 02407

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

113 KA 23-00351

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL P. FORSYTH, DEFENDANT-APPELLANT. 

LEAH R. NOWOTARSKI, PUBLIC DEFENDER, WARSAW (FARES A. RUMI OF COUNSEL), FOR DEFENDANT-APPELLANT.
DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (CHELSIE HAMILTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Wyoming County Court (Michael M. Mohun, J.), dated February 22, 2023. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in treating his presumptive level three classification as mandatory. We reject that contention. Based on his prior conviction of a felony sex crime, defendant was subject to an "automatic override[ ], the application of which will result in a presumptive risk assessment of level three" (People v Howard, 27 NY3d 337, 341 [2016]). Here, the court properly applied the automatic override, and properly determined that it created a presumption of, but not mandatory classification as, a level three risk (see People v Edmonds, 133 AD3d 1332, 1332-1333 [4th Dept 2015], lv denied 26 NY3d 918 [2016]). Indeed, after recognizing the presumption, the court explicitly considered and rejected defendant's request for a downward departure (cf. People v Douglas, 199 AD3d 1330, 1331 [4th Dept 2021]).
Contrary to defendant's further contention, the court did not abuse its discretion in denying his request for a downward departure. Here, each of the mitigating circumstances alleged by defendant was " 'of a kind or to a degree . . . adequately taken into account by the [risk assessment g]uidelines' " (People v Johnson, 218 AD3d 1363, 1364 [4th Dept 2023], quoting People v Gillotti, 23 NY3d 841, 861 [2014]; see People v Jewell, 119 AD3d 1446, 1448-1449 [4th Dept 2014], lv denied 24 NY3d 905 [2014]; see generally Howard, 27 NY3d at 342).
In light of our determination, we do not reach defendant's alternative contention that the court erred in its initial assessment of points before the application of the presumptive override (see People v Krembel, 150 AD3d 1702, 1703 [4th Dept 2017], lv denied 29 NY3d 916 [2017]).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court