People v Davis (2024 NY Slip Op 06632)

People v Davis

2024 NY Slip Op 06632

Decided on December 26, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 26, 2024

CV-23-0640
[*1]The People of the State of New York, Respondent,
v
Jason Davis, Appellant.

Calendar Date:November 20, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Aaron A. Louridas, Delmar, for appellant.
Christopher Liberati-Conant, District Attorney, Hudson, for respondent.

Lynch, J.
Appeal from an order of the County Court of Columbia County (Jonathan D. Nichols, J.), entered October 19, 2023, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In November 2016, a warrant was issued to search the home of defendant and his codefendant, and law enforcement discovered various electronic devices and two digital storage cards that contained images and videos allegedly depicting defendant and a juvenile female performing sex acts. Defendant and his codefendant were charged in an indictment with possessing a sexual performance by a child (see Penal Law § 263.16). Defendant pleaded guilty as charged, and County Court sentenced him, as a second felony offender, to a prison term of 2 to 4 years. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that assigned defendant a total of 95 points, presumptively classifying him a risk level two sex offender. In arriving at that classification, the Board assessed defendant 25 points under risk factor 2 for engaging in sexual contact with the victim, 20 points under risk factor 4 for the duration of the offense conduct with the victim (continuing course of conduct), 20 points under risk factor 5 for the age of the victim and 30 points under risk factor 9 for the number and nature of prior crimes. At the SORA hearing, the People adopted the Board's assessment of points under the RAI but consented to removing 20 points under risk factor 4 (for duration of offense conduct with the victim) because the People had failed to demonstrate by clear and convincing evidence that there was a course of sexual contact between defendant and the victim. At the conclusion of the hearing, County Court found that defendant was properly assessed 75 points under risk factors 2, 5 and 9, which rendered defendant a risk level two sex offender, and declined to make any designations. Defendant appeals, challenging the assessment of 25 points under risk factor 2.
"At a SORA hearing, 'the People must prove the facts to support a SORA risk- level classification by clear and convincing evidence' " (People v Songster, 207 AD3d 579, 581 [2d Dept 2022], lv denied 39 NY3d 904 [2022], quoting People v Howard, 27 NY3d 337, 341 [2016]; see Correction Law § 168-n [3]), and, in determining whether the People have met their burden, "County Court may consider [relevant] reliable hearsay evidence, including the case summary" (People v Bunger, 78 AD3d 1433, 1434 [3d Dept 2010] [citations omitted], lv denied 16 NY3d 710 [2011]; see Correction Law § 168-n [3]; People v Rhodehouse, 88 AD3d 1030, 1031 [3d Dept 2011]). "Information found in case summaries prepared by the Board . . . and presentence reports prepared by a probation department are admissible without foundation 'because such documents are created [*2]under statutory mandates and their origins and function are well-known to SORA courts' " (People v Uver A., 195 AD3d 61, 67 [2d Dept 2021], quoting People v Mingo, 12 NY3d 563, 573 [2009]). "However, where the information submitted is derived from unsigned reports [or statements] which were not independently verified, the information may be insufficient to satisfy the People's burden of proof by clear and convincing evidence" (People v Uver A., 195 AD3d at 67 [citation omitted]).
In assessing defendant 25 points under risk factor 2 for sexual contact with the victim, County Court relied upon a contested statement in the case summary made by an assistant district attorney to the author of the case summary. The assistant district attorney stated that defendant had possessed an image depicting him and his female relative engaged in sexual activity. The People concede, and we agree, that County Court improperly relied upon this hearsay, without making an inquiry into its reliability, in assessing 25 points under risk factor 2 for sexual contact with the victim. While the court found that the photographs depicted sexual activity between the child and an adult, it made no finding that defendant was that adult. The People therefore failed to establish by clear and convincing evidence that there was any sexual contact between defendant and the victim (see People v Brown, 7 AD3d 831, 833 [3d Dept 2004]; see also People v Tingling, 201 AD3d 555, 556 [1st Dept 2022], lv denied 38 NY3d 908 [2022]; People v Canady, 195 AD3d 752, 753 [2d Dept 2021]; People v Warrior, 57 AD3d 1471, 1472 [4th Dept 2008]).
Although defendant argues that the remedy for the error is to subtract 25 points from risk factor 2 and, upon doing so, designate him a risk level one sex offender, we agree with the People that the more appropriate course is to remit the matter to the SORA court "to provide the District Attorney an opportunity to establish a foundation" supporting the hearsay's reliability (People v Mingo, 12 NY3d at 576). In light of our determination, we need not address defendant's additional, unpreserved argument that he should have been granted a downward departure (see People v Scrom, 205 AD3d 1238, 1240 [3d Dept 2022], lv denied 38 NY3d 914 [2022]).
Clark, J.P., Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Columbia County for further proceedings not inconsistent with this Court's decision.