People v Butts (2025 NY Slip Op 02885)

People v Butts

2025 NY Slip Op 02885

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Renwick, P.J., Kern, Gesmer, Rosado, O'Neill Levy, JJ. 

Ind. No. 14414/90|Appeal No. 4329|Case No. 2022-03899|

[*1]The People of the State of New York, Respondent,
v
Richard Butts, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Luz Beato of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Faith DiTrolio of counsel), for respondent.

Order, Supreme Court, New York County (Cori Weston, J.), entered on or about August 19, 2022, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly assessed 25 points under the risk factor relating to sexual intercourse and deviate sexual contact based on clear and convincing evidence, which included the five-year-old victim's contraction of vaginal gonorrhea, her report to the hospital staff about the sexual abuse and detailed testimony to the grand jury, and defendant's own admission to "rape" and "sexual intercourse" in treatment records (see People v Harden, 60 AD3d 486, 486 [1st Dept 2009], lv dismissed & denied 12 NY3d 899 [2009]). The court also properly assessed 20 points for the abuse of two victims even though defendant was not indicted or convicted of an offense against the victim's younger sister, who had contracted gonorrhea of the eye (see People v Epstein, 89 AD3d 570, 571 [1st Dept 2011]). In treatment records, defendant identified the sister as a victim of his "sexual abuse," admitted he gave her gonorrhea, and referred to "victims" with regard to the underlying sexual crime. Finally, 15 points were properly assessed under the risk factor for lack of a genuine acceptance of responsibility. Although defendant pleaded guilty to the crime, he denied guilt at his pre-sentence interview with probation officials and during treatment in 2006, refused a second round of treatment in 2018, and denied guilt at a more recent parole hearing (see People v Williams, 96 AD3d 421, 422 [1st Dept 2012], lv denied 19 NY3d 813 [2012]).
The court providently exercised its discretion when it declined to grant a downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant, including his advanced age, exemplary conduct in prison, employment prospects, and strong family and community support, were either adequately taken into account by the risk assessment instrument or not shown to reduce defendant's particular risk of reoffense (see e.g. People v Jones, 231 AD3d 411, 411-412 [1st Dept 2024], lv denied 42 NY3d 913 [2025]; People v Sadagheh, 214 AD3d 566, 566 [1st Dept 2023], lv denied 40 NY3d 902 [2023]; People v Perez, 226 AD3d 487, 487 [1st Dept 2024], lv denied 42 NY3d 905 [2024]). In any event, such mitigating factors were outweighed by defendant's criminal history and the seriousness of the underlying offense involving very young children (see People v Andrew A., 187 AD3d 445, 445 [1st Dept 2020).THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025