People v Lezama (2026 NY Slip Op 01315)

People v Lezama

2026 NY Slip Op 01315

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Webber, J.P., Scarpulla, González, Rodriguez, Higgitt, JJ. 

Ind. No. 2668/14|Appeal No. 6051|Case No. 2019-03841|

[*1]The People of the State of New York, Respondent,
vBruce Lezama, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Robin Richardson of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about August 9, 2019, which adjudicated defendant a level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously reversed, on the law, without costs, and the matter remitted for further proceedings in accordance herewith. 
As the People concede, the SORA court improperly assessed 30 points under risk factor 9 for prior violent felony, sex crime, or endangering welfare of a child. Defendant was assessed 30 points based on a March 2001 conviction, which occurred nearly one year after the commission of the crime underlying his conviction in June 2000. When assessing points under risk factor 9 for prior criminal history, the date of conviction or adjudication on the prior offense, not the date of the prior offense's commission, is the relevant date (SORA: Risk Assessment Guidelines and Commentary, at 13-14 [2006] [Guidelines]; see People v Franco, 106 AD3d 417 [1st Dept 2013], lv denied 21 NY3d 863 [2013]). For the same reason, the automatic override for a "prior felony conviction for a sex crime" placing defendant at a presumptive level three was also misapplied (see Guidelines at 3, 19; People v Songster, 207 AD3d 579, 582 [2d Dept 2022], lv denied 39 NY3d 904 [2022]).
Without the 30 points, defendant's total point assessment would have been 90, rendering him a presumptive level two offender. Because the SORA court did not consider whether an upward departure was warranted, we remand the matter for such a determination (see People v Weber, 40 NY3d 206 [2023]; People v Reynoso, 224 AD3d 416, 417-418 [1st Dept 2024]).
The People's contention that the Bronx County SORA proceeding should have been barred by the earlier Kings County determination adjudicating defendant a level three offender is unpreserved (see People v Millan, 295 AD2d 267, 268 [1st Dept 2002]; see also People v Tolbert, 223 AD3d 534, 535 [1st Dept 2024]). In any event, the People's contention is unavailing (see People v Hirji, 170 AD3d 412, 412 [1st Dept 2019], lv denied 33 NY3d 907 [2019] [affirming a decision that adjudicated the defendant a level three and level two offender under two different indictments]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026