People v Finney (2026 NY Slip Op 01539)

People v Finney

2026 NY Slip Op 01539

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2024-07315

[*1]People of State of New York, respondent,
vKasheef Finney, appellant. 

Twyla Carter, New York, NY (Nicholas Pulakos of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and Matthew B. White of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Mario F. Mattei, J.), dated May 22, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted rape in the first degree. He now appeals from his designation as a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C).
As the People correctly concede, the Supreme Court erroneously assessed the defendant 30 points under risk factor 9 of the risk assessment instrument for having a prior conviction for a violent felony offense, because the defendant's conviction of attempted robbery in the second degree occurred after his commission of the instant offense (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13-14 [2006]; People v Songster, 207 AD3d 579, 582; People v Williams, 186 AD3d 883, 884). Nevertheless, as the Supreme Court noted, this did not affect the defendant's status as a presumptive level two sex offender. Without those points, he would be assessed 15 points under risk factor 9 for having a prior youthful offender adjudication for a non-violent felony, and would have a total of 75 points, which would still place him within the range of a level two sex offender (see People v Wallace, 240 AD3d 527, 529; People v Marryshow, 238 AD3d 918).
The Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level two designation. The defendant failed to demonstrate that his family support established a lower likelihood of reoffense or danger to the community (see People v Allen, 243 AD3d 820, 822; People v Kumar, 242 AD3d 1231, 1232; People v Echols, 242 AD3d 1228, 1229).
The defendant's remaining contentions are either without merit or improperly raised for the first time in his reply brief.
Accordingly, the Supreme Court properly designated the defendant a level two sex [*2]offender.
LASALLE, P.J., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court