■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME JOHNSON, Appellant. [909 NYS2d 716]—

Order, Supreme Court, Bronx County (Robert Torres, J.), entered on or about December 13, 2007, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), affirmed, without costs.

The People met their burden of establishing, by clear and convincing evidence, risk factors bearing a sufficient total point score to support a level three sex offender adjudication. Although defendant pleaded guilty to statutory rape (Penal Law § 130.25 [2]) and not rape involving forcible compulsion, in determining the proper classification, the Board of Examiners of Sex Offenders is not limited to a defendant's admissions upon

entering a plea but may consider reliable hearsay evidence (Correction Law § 168-n [3]; *see People v Mingo*, 12 NY3d 563, 571 [2009]), including the risk level assessment instrument, victim statement, case summary and presentence investigation report (*see e.g. People v Dort*, 18 AD3d 23, 25 [2005], *lv denied* 4 NY3d 885 [2005]). Here, the finding of forcible compulsion is amply supported (*see People v Coleman*, 42 NY2d 500, 505 [1977] [significant is "not what the defendants would have done, but rather what the victim, observing their conduct, feared they would or might do if she did not comply with their demands"]); the superior court information includes the 13-year-old victim's statement that the 29-year-old defendant was aided by two unapprehended males who restrained and assaulted her (*see People v Wroten*, 286 AD2d 189, 199 [2001], *lv denied* 97 NY2d 610 [2002]).

As to other criteria, the drug or alcohol abuse factor was established by defendant's admission to corrections personnel that he had a "problem with marijuana" as well as by the results of a screening test for alcoholism (*see People v Gonzalez*, 48 AD3d 284 [2008], *lv denied* 10 NY3d 711 [2008]). The factor for lack of acceptance of responsibility was established by evidence that defendant denied responsibility for forcible rape and refused or was expelled from treatment programs (*see People v Lewis*, 50 AD3d 1567, 1568 [2008], *lv denied* 11 NY3d 702 [2008]). Finally, points were properly assessed under the lack of supervision factor even though that circumstance resulted from defendant's having fully served his sentence (*see People v Tejada*, 51 AD3d 472 [2008]).

Defendant did not establish any basis for a downward departure.

All concur except McGuire, J., who concurs in a separate memorandum as follows: Defendant pleaded guilty to the sole count of a superior court information charging him with third-degree rape (Penal Law § 130.25 [2]) for engaging in sexual intercourse with a person less than 17 years old. The majority upholds an assessment of 10 points for forcible compulsion even though defendant never was charged with rape by forcible compulsion in the superior court information, and an assessment of 15 points for refusing to accept responsibility because he denied he was guilty of a forcible compulsion rape. I disagree as to both assessments.

We can uphold the assessment for forcible compulsion only if the People met their burden of proving forcible compulsion by

clear and convincing evidence (*see* Correction Law 168-n [3]). That is, we can uphold it only if the People proved it "highly probable" that defendant committed the rape by forcible compulsion (*see Matter of Poldrugovaz*, 50 AD3d 117, 127 [2008] [internal quotation marks omitted]). The sole item of proof supporting this assessment is plainly hearsay, a statement in the felony complaint, albeit one sworn to by the victim, who was 13 years old at the time, to the effect that defendant committed the act of intercourse while another person held her down and a third person held her leg open. I agree with the majority that the assessment for forcible compulsion is not precluded by the fact that defendant was not charged in the superior court information with forcible rape. Unquestionably, however, the fact that defendant was not charged with forcible compulsion is highly relevant and undermines the majority's position. Indeed, as the pertinent guideline states, "[T]he fact that an offender was *not* indicted for an offense may be strong evidence that the offense did not occur. For example, where a defendant is indicted for rape in the first degree on the theory that his victim was less than 11 [years old], but not on the theory that he used forcible compulsion, the Board or court should be reluctant to conclude that the offender's conduct involved forcible compulsion" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, General Principles ¶ 7, at 5 [2006] [citations omitted]).

The majority is hasty where it should be hesitant. Without explanation, it implicitly determines that this statement is alone sufficient to establish that it is highly probable that defendant used forcible compulsion. That determination is contrary to the common sense of the guideline. I note, too, that the felony complaint did charge forcible compulsion. Thus, the District Attorney clearly decided not to charge defendant with the crime that the majority decides that he in fact committed. In deference to the District Attorney, I think we should conclude, and I assume the majority agrees, that the District Attorney made a considered decision not to charge rape on a forcible compulsion theory. Of course, it is not impossible that the District Attorney concluded that the evidence was sufficient to prove forcible compulsion rape but nonetheless decided not to charge defendant with that violent felony offense (Penal Law § 70.02 [1] [a]). But nothing that transpired at the SORA hearing indicates that the District Attorney so concluded. Given both that the class B felony of forcible rape is a very serious crime and that defendant has a prior violent felony conviction, the SORA record should provide a strong basis for concluding that the District Attorney permitted defendant to plead to a crime less serious than the one that could be proven.

As noted, the statement in the felony complaint is hearsay. Even assuming that because it is a sworn statement, it is reliable hearsay (*see People v Mingo*, 12 NY3d 563, 573 [2009] [hearsay is reliable for "SORA purposes" if, based on "the circumstances surrounding the development of the proof," a reasonable person would deem it "trustworthy"]), as it must be to support the finding (*see* Correction Law § 168-n [3]), it does not follow that it is sufficient to constitute clear and convincing proof of forcible compulsion. But with respect to the question of whether it is reliable hearsay, I note that we know virtually nothing about the circumstances surrounding the development of this proof. In any event, the majority dilutes the clear and convincing evidence requirement in upholding this assessment. That hearsay statement alone, from a 13 year old about whom we know virtually nothing, corroborated by nothing and not readily reconciled with the charging decision of the District Attorney, is insufficient to establish that it is highly probable that defendant used forcible compulsion.

With respect to the 15-point assessment under the acceptance of responsibility category, the People concede that they were required to show both that defendant has not accepted responsibility for his criminal conduct and has refused or been expelled from treatment. The only supposed evidence supporting the first prong is that defendant, who admitted to the police (in written and videotaped statements) that he had engaged in intercourse with the underage victim, waived indictment and pleaded guilty, denied committing the rape by means of forcible compulsion. Obviously, if I am correct that the evidence was insufficient to meet the People's burden on the issue of forcible compulsion, it follows that defendant should not have been assessed 15 points for denying the commission of a crime the People did not prove he had committed.

I agree with the majority that defendant's other contentions are without merit. I would add only that defendant's statement to a correction officer or officers that he had a "problem with marihuana" is an admission and thus is not, as defendant maintains, hearsay. Although the statement in the risk assessment instrument that defendant had scored "alcoholic" on the "Michigan Alcohol Screening Test" is unexplained, the People met their burden under the history of drug and alcohol abuse category with that statement and defendant's admission.

Defendant would remain a presumptive level three offender even if we were not upholding the assessments for forcible compulsion and failure to accept responsibility. As I think a downward departure would still not be appropriate, I join with

the majority in affirming the order adjudicating defendant a level three offender. Concur—Tom, J.P., Andrias, McGuire and Manzanet-Daniels, JJ.