■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY E. EPSTEIN, Appellant. [933 NYS2d 239]—

Clear and convincing evidence, including reliable hearsay (*see People v Mingo*, 12 NY3d 563, 571 [2009]) supported the assessment of points for risk factors sufficient for a level three sex offender adjudication (Correction Law § 168-n [3]). In the circumstances of this case, the court properly relied on highly reliable proof of criminal conduct for which defendant was neither indicted nor convicted.

The sex offender adjudication arises out of defendant's sex offenses in Florida. The evidence before the SORA hearing court

established that defendant committed multiple offenses against a series of underage girls. The girls were brought to defendant's home to provide "massages" that led to very serious sex crimes.

These facts were established by reliable hearsay, including the probable cause affidavit prepared by Florida law enforcement authorities after their investigation, and the Board of Examiners of Sex Offenders' case summary (*see Mingo*, 12 NY3d at 572-573, 577). The probable cause affidavit was extremely detailed. It set forth the sworn, tape-recorded statements of the victims. The victims' detailed accounts of defendant's crimes corroborated each other, and were also corroborated by other evidence, including declarations against penal interest made by defendant's accomplice.

In 2006, the Florida prosecutor obtained an indictment charging defendant with solicitation of prostitution. In 2008, the Florida prosecutor filed an information, this time charging procuring a person under 18 for prostitution. A few days after the information, defendant pleaded guilty to both accusatory instruments. Both instruments involved the same victim, who was only one of defendant's many victims.

The Board and the hearing court are not limited to the underlying crime in determining an offender's risk level (*see People v Johnson*, 77 AD3d 548, 548-549 [2010], *lv denied* 16 NY3d 705 [2011]). "[T]he fact that an offender was <u>not</u> indicted for an offense may be strong evidence that the offense did not occur" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, General Principles ¶ 7, at 5 [2006]). However, here the strong evidence that the offenses against the other victims *did* occur outweighs any inferences to be drawn from the manner in which this case was prosecuted in Florida.

The reasons for the actions taken by the Florida authorities remain unclear on this record. The record before us is insufficient to establish that those authorities reasonably believed the charges involving the other victims were unprovable. The record permits competing inferences. In any event, the hearing court was entitled to rely on the reliably proven facts themselves, and was not necessarily bound by any exercises of prosecutorial discretion.

We reject defendant's argument that the People should be estopped from taking a different position on appeal from the position they took before the hearing court. At the hearing, the People mistakenly conceded that the conduct for which defendant was not indicted should not be considered, and that defendant should be adjudicated a level one offender. These were legal

arguments that the court rejected, and it is the court's determination that we review on this appeal. Furthermore, when the court announced that it was rejecting the People's position and would consider the offenses against additional victims, defendant did not request any opportunity to challenge the reliability of the additional charges. Accordingly, defendant was not deprived of a fair opportunity to litigate the issue (*see e.g. People v Strong*, 276 AD2d 271 [2000], *lv denied* 96 NY2d 807 [2001]).

Defendant's remaining claims are improperly raised for the first time on appeal (*see People v Windham*, 10 NY3d 801 [2008]), and are unavailing in any event. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Acosta and Abdus-Salaam, JJ.