■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER IRIZARRY, Also Known as ALEX IRIZARRY DE LEON, Appellant. [998 NYS2d 379]—Order, Supreme Court, New York County (Megan Tallmer, J.), entered on or about August 4, 2006, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

All of defendant's challenges to his level three adjudication are unpreserved, and we decline to review any of them in the interest of justice. As an alternative holding, we reject them on the merits. The case summary constituted reliable hearsay, and the court properly relied on it (*see* Correction Law § 168-n [3]; *People v Epstein*, 89 AD3d 570 [1st Dept 2011]). Moreover, since defendant did not challenge any of the facts contained in the case summary, it sufficed, standing alone, to support the court's determination (*see People v Vaillancourt*, 112 AD3d 1375 [4th Dept 2013], *lv denied* 22 NY3d 864 [2014]).

In any event, contrary to defendant's contentions on appeal, the record demonstrates the basis for the factual conclusions in the case summary. Defendant cites no basis on which to reject the case summary or statements contained therein as speculative or inaccurate, nor was their accuracy undermined by other more compelling evidence (*see People v Mingo*, 12 NY3d 563, 573 [2009]). The case summary provided clear and convincing evidence supporting each of the point assessments challenged on appeal, including commission of an offense against a stranger, forcible compulsion, the victim's age, and defendant's parole violations. Concur—Sweeny, J.P., Andrias, Moskowitz, Richter and Clark, JJ.