■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN ARNOLD, Appellant. [5 NYS3d 74]—

Order, Supreme Court, New York County (Rena K. Uviller, J.), entered on or about July 11, 2012, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Each of the point assessments at issue was supported by clear and convincing evidence. The assessment under the factor for relationship with victim was supported by the victim's grand jury testimony, which permitted a reasonable inference that she and defendant were strangers (*see People v Gaines*, 39 AD3d 1212 [4th Dept 2007], *lv denied* 9 NY3d 803 [2007]). The assessment under the factors for criminal history and recent prior offense was supported by defendant's youthful offender adjudication (*see People v Wilkins*, 77 AD3d 588 [1st Dept 2010], *lv denied* 16 NY3d 703 [2011]), and CPL 720.35 (2) did not prohibit the court's use of that adjudication (*cf. People v Howard*, 52 AD3d 273 [1st Dept 2008] [grand jury disclosure permitted], *lv denied* 11 NY3d 706 [2008]). The assessment under the factor for drug abuse was supported by defendant's admissions (*see People v Watson*, 112 AD3d 501 [1st Dept 2013], *lv denied* 22 NY3d 863 [2014]). The assessment under the factor for failure to accept responsibility was supported by defendant's denials of guilt and expulsion from a sex offender treatment program (*see People v Johnson*, 77 AD3d 548, 549 [1st Dept 2010], *lv denied* 16 NY3d 705 [2011]), notwithstanding that he did not choose to be expelled. The assessment under the factor for unsatisfactory conduct while incarcerated, including sexual misconduct, did not constitute improper double counting even though some of the conduct was also relied on in assessing points for being expelled from the program (*see People v Johnson*, 118 AD3d 684, 685 [2d Dept 2014], *lv denied* 24 NY3d 902 [2014]). The assessment under the factor for release without supervision did not improperly penalize defendant for serving his maximum term (*see People v Johnson*, 77 AD3d at 549). Concur—Friedman, J.P., Sweeny, Acosta, DeGrasse and Gische, JJ.