■ The People of the State of New York, Respondent, v Curtis Johnson, Appellant. [11 NYS3d 486]—Order, Supreme Court, New York County (Jill Konviser, J.), entered on or about June 25, 2013, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously modified, on the law, to the extent of vacating the designation as a sexually violent offender, and otherwise affirmed, without costs.

Defendant was properly adjudicated a level three sex offender. Clear and convincing evidence established that defendant was properly scored 30 points under the risk factor for number of victims (*see People v Mingo*, 12 NY3d 563 [2009]). The court properly considered highly reliable proof of a pattern of associated sex crimes, since neither the Board nor the hearing court was limited to the underlying convictions (*see People v Epstein*, 89 AD3d 570 [1st Dept 2011]; *People v Johnson*, 77 AD3d 548 [1st Dept 2010], *lv denied* 16 NY3d 705 [2011]).

Defendant's contention that he should have received a downward departure is unpreserved because he made no such application to the hearing court (*see People v Gillotti*, 23 NY3d

841, 861 n 5 [2014]). In any event, we find no basis for such a departure.

As the People concede, a court making a redetermination under *Doe v Pataki* (3 F Supp 2d 456 [1998]) may not make a sexually violent offender designation (*People v Velez*, 100 AD3d 847 [2d Dept 2012], *lv denied* 21 NY3d 853 [2013]). Concur— Tom, J.P., Andrias, Feinman, Gische and Kapnick, JJ.