■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW POSTELLI, Appellant. [24 NYS3d 645]—

Order, Supreme Court, New York County (Bruce Allen, J.), entered on or about September 17, 2012, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Clear and convincing evidence supported the court's assessment of 20 points for the relationship (strangers) between defendant and the victim. A finding that the parties were strangers was supported by evidence that their connection was limited to minimal communication on occasions when defendant encountered the homeless victim on the street (*see People v Ramsey*, 124 AD3d 472 [1st Dept 2015], *lv denied* 25 NY3d 903 [2015]; *People v Tejada*, 51 AD3d 472 [1st Dept 2008]). Alternatively, the evidence supported a reasonable inference, constituting clear and convincing evidence on the facts presented, that any relationship was established by defendant for the primary purpose of victimization (*see id.*).

The case summary was sufficient, by itself, to support the court's assessment of points for defendant's conduct while confined, and defendant presents no basis to reject the statements in the case summary (*see People v Irizarry*, 124 AD3d 429 [1st Dept 2015], *lv denied* 25 NY3d 907 [2015]). Defendant's contention that he was deprived of due process by the timing of the People's disclosure of prison records that supported the case summary is unpreserved, and we decline to review it in the interest of justice. As any alternative holding, we find that any error was harmless.

We have considered and rejected defendant's pro se claims. Concur—Tom, J.P., Acosta, Moskowitz and Gische, JJ.