■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE DIAZ, Appellant. [39 NYS3d 429]—

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered March 18, 2015, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court properly exercised its discretion when it declined to grant a downward departure. Defendant's assertion that the court improperly failed to follow the three-step procedure set out in *People v Gillotti* (23 NY3d 841, 861 [2014]) is unpreserved and we decline to reach it in the interest of justice. As an alternative holding, we reject it on the merits, as there is no authority requiring the court to articulate its consideration of each step and its conclusions.

Defendant was convicted of an extremely serious crime, for

which he was incarcerated for many years. While defendant cites, as a mitigating factor, his allegedly lesser role in the crime than that of his codefendants, this factor was adequately taken into consideration by the risk assessment instrument. Furthermore, his efforts to minimize his involvement are unpersuasive. Defendant's age, 58 years at the time of the hearing, does not warrant a downward departure, nor do any of his alleged ailments indicate an inability to reoffend. We note defendant's entirely unsatisfactory conduct while in prison and his possession of a weapon only a few years before his release, indicating his continued violent character. Concur— Friedman, J.P., Andrias, Saxe, Feinman and Kahn, JJ.