People v Santana (2018 NY Slip Op 04662)





People v Santana


2018 NY Slip Op 04662


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Richter, J.P., Tom, Mazzarelli, Gesmer, Moulton, JJ.


6957 30107/15

[*1]The People of the State of New York, Respondent,
v
Joseph J. Santana, Defendant-Appellant.


Christina A. Swarns, Office of The Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Kelly L. Smith of counsel), for respondent.



Order, Supreme Court, New York County (Arlene D. Goldberg, J.), entered on or about September 10, 2015, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly assigned points under the risk factor for continuing course of sexual misconduct. The victim's statements and the police reports were reliable hearsay, which the court properly considered (see Correction Law § 168-n[3]; People v Mingo, 12 NY3d 563, 571-572 [2009]; People v Sanford, 130 AD3d 486, 487 [1st Dept 2015], lv denied 26 NY3d 908 [2015]). The court also properly relied on the victim's statement to a nurse that the sexual abuse began when she was eight years old and continued up until the charged offense, when she was nine years old, notwithstanding the fact that the victim could not specify the dates of the commission of the particular sex offenses. The court also properly relied on proof of defendant's earlier sexual contact with the victim for which he was neither indicted nor charged (see People v Epstein, 89 AD3d 570, 570 [1st Dept 2011]).
The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant were adequately accounted for in the risk assessment instrument, and were in any event outweighed by the seriousness of the underlying crime.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK