The People of the State of New York, Respondent,
against
Malik McCain, Defendant-Appellant.



Defendant appeals from an order of the Criminal Court of the City of New York, New York County (James M. Burke, J.), dated May 16, 2013, which, after a hearing, designated him a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law Art. 6-C).




Per Curiam.
Order (James M. Burke, J.), dated May 16, 2013, affirmed.
The court properly adjudicated defendant a level two sex offender. Since defendant did not argue before the SORA court that the assessment of 15 points under risk factor 14 was improper, that claim is unpreserved, and we decline to review it in the interest of justice. Were we to review this contention, we would reject it. The court properly assessed 15 points under the lack of supervision risk factor based upon the absence of post-release supervision (see People v Lewis, 37 AD3d 689, 690 [2007], lv denied 8 NY3d 814 [2007]) "even though that circumstance resulted from defendant's having fully served his sentence" (see People v Johnson, 77 AD3d 548, 549 [2010], lv denied 16 NY3d 705 [2011]). 
The court properly assessed 10 points under the risk factor for acceptance of responsibility. Defendant's equivocal statements in the pre-sentence report, including that he was "sorry" he "bumped" the victim, when viewed in the full context of this case, constituted denials of the conduct that formed the basis of his sexual abuse conviction and demonstrated that he did not accept responsibility for his actions under the risk assessment guidelines (see People v Malave, 106 AD3d 657, 659 [2013], lv denied 22 NY3d 858 [2014]). 
The court providently exercised its discretion in declining to grant a downward departure from defendant's presumptive risk level to level one (see People v Gillotti, 23 NY3d 841 [2014]); People v Knox, 12 NY3d 60, 70 [2009], cert denied 558 US 1011 [2009]. Defendant's age, 41 years at the time of the hearing, does not warrant a downward departure, nor do any of the factors described by defendant, which were already taken into account in the risk assessment instrument and, as such, provide no basis for a downward departure (see People v Diaz, 143 AD3d 552, 553 [2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 21, 2018