The People of the State of New York, Respondent, 
against
Jamie Lopez, Defendant-Appellant.



Defendant appeals from an order of the Criminal Court of the City of New York, New York County (Robert M. Mandelbaum, J.), dated June 30, 2014, which, after a hearing, designated him a level two sex offender under the Sex Offender Registration Act (Correction Law Art. 6-C).




Per Curiam.
Order (Robert M. Mandelbaum, J.), dated June 30, 2014, affirmed.
Defendant was properly adjudicated a level two sex offender. Defendant's argument that the court incorrectly assessed certain risk factor points is academic, because even without the 5 points at issue, defendant would still qualify as a level two sex offender (see People v Vasquez, 37 AD3d 193, 193 [2007], lv denied 8 NY3d 812 [2007]). In any event, 5 points were correctly assessed under risk factor 14, since there is no evidence in the record demonstrating that the sentencing court ordered "specialized supervision" when imposing the sentence of probation (see People v Miller, 77 AD3d 1386 [2010], lv denied 16 NY3d 701 [2011]).
Defendant's contention that he should have received a downward departure is unpreserved because he made no such application to the hearing court (see People v Gillotti, 23 NY3d 841, 861, n 5 [2014]; People v Johnson, 130 AD3d 454 [2015], lv denied 26 NY3d 908 [2015]). In any event, we find no basis for such a departure. Contrary to defendant's contention, the nature of his crime - rubbing his groin against an autistic boy for several minutes in front of the tree at Rockefeller Plaza - was not "relatively minor" and, in any event, the factors described by defendant, which were already taken into account in the risk assessment instrument, provide no basis for a downward departure (see People v Diaz, 143 AD3d 552, 553 [2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 22, 2019