People v Ramos (2019 NY Slip Op 02639)





People v Ramos


2019 NY Slip Op 02639


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Friedman, J.P., Gische, Kapnick, Webber, Gesmer, JJ.


8917 5072/09

[*1]The People of the State of New York Respondent,
v Jose Ramos, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Allen Fallek of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.



Order, Supreme Court, New York County (Michael R. Sonberg, J.), entered on or about September 8, 2016, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly assessed 20 points under the risk factor for continuing course of sexual misconduct. The victim's trial testimony provided clear and convincing evidence that defendant had engaged in other sex acts against her on multiple occasions before the act underlying the conviction (see People v Singh, 165 AD3d 444 [1st Dept 2018], lv denied 32 NY3d 914 [2019]). The fact that defendant was never prosecuted for those acts was relevant, but it did not preclude the court from considering reliable proof showing that the acts had in fact occurred (see People v Santana, 162 AD3d 568 (1st Dept 2018]; People v Epstein, 89 AD3d 570, 571 [1st Dept 2011]).
The court also properly assessed 15 points under the risk factor for a history of drug abuse. Although occasional social use of marijuana does not amount to substance abuse for SORA purposes, the record indicates that defendant's admitted use of marijuana was more serious. The case summary reported that "testing" revealed that defendant was "in need of intervention," had been referred to a substance abuse treatment program while incarcerated, and that the report of a drug test was "substance abuse indicated." Defendant's admission and the documents indicating that testing had diagnosed him with a substance abuse problem provides clear and convincing evidence of a history of drug abuse (see People v Finizio, 100 AD3d 977, 978 [2d Dept 2012], lv denied 20 NY3d 860 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK