The People of the State of New York, Respondent, 
against
Tyrone Moore, Defendant-Appellant.



Defendant appeals from two orders of the Criminal Court of the City of New York, New York County (Tamiko A. Amaker, J.), each entered on or about January 3, 2013, which, after hearings, designated him a level three sex offender pursuant to the Sex Offender Registration Act.




Per Curiam.
Orders (Tamiko A. Amaker, J.), each entered on or about January 3, 2013, affirmed.
The court providently exercised its discretion in declining to grant a downward departure from defendant's presumptive risk level (see People v Gillotti, 23 NY3d 841 [2014]). Since defendant did not argue before the SORA court that he was entitled to a downward departure because of his age, that claim is unpreserved, and we decline to review it in the interest of justice (see People v Rosales, 133 AD3d 733 [2015], lv denied 26 NY3d 919 [2016]). Were we to review this contention, we would reject it. Defendant's age, 21 years at the time of the hearing, does not warrant a downward departure, nor do any of the factors described by the defendant, which were already taken into account in the risk assessment instrument (see People v Diaz, 143 AD3d 552, 553 [2016]), and were in any event outweighed by the seriousness of the underlying crimes. Moreover, defendant failed to adduce sufficient evidence to meet his burden of proof to establish that his age makes him less likely to reoffend (see People v Rodriguez, 145 AD3d 489, 490 [2016], lv denied 28 NY3d 916 [2017]). 
Nor does the fact that the victims' lack of consent was solely based on their age warrant a departure here, particularly because the crimes occurred when the victims were 16 and 13 years old respectively (see People v Lopez, 159 AD3d 412, 413 [2018], lv denied 31 NY3d 912 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: April 24, 2019