People v Santos (2019 NY Slip Op 07729)





People v Santos


2019 NY Slip Op 07729


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Richter, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10216 99063/15

[*1] The People of the State of New York, Respondent,
v
Roul Santos, Defendant-Appellant.


The Legal Aid Society, New York (Janet E. Sabel of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jennifer L. Watson of counsel), for respondent.



Order, Supreme Court, Bronx County (Efrain Alvarado, J.), entered on or about May 31, 2016, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Clear and convincing evidence, including reliable hearsay, supported the court's assessment of points under the risk factor relating to the victim's physical helplessness (see People v Mingo, 12 NY3d 563, 571-573 [2009]; People v Epstein, 89 AD3d 570, 571 [1st Dept 2011]). The court properly relied on the case summary, the sworn arrest affidavit from the underlying out-of-state case, and information from the detective who investigated that case. The record supports the court's finding that defendant sexually assaulted the victim while she was "physically helpless," in that she was asleep when the assault began (see People v Davis, 51 AD3d 442 [1st Dept 2008], lv denied 11 NY3d 703 [2008]). The documents before the court also supported its assessments under the risk factors relating to drug and alcohol abuse and lack of supervision.
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument, and did not demonstrate a reduced likelihood of reoffense.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK