People v Davis (2019 NY Slip Op 09389)





People v Davis


2019 NY Slip Op 09389


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Friedman, J.P., Webber, Kern, Moulton, JJ.


3201/11 10668A 10668

[*1] The People of the State of New York, Respondent,
v
Joseph Davis, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Lorca Morello of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Beth Kublin of counsel), for respondent.



Order, Supreme Court, Bronx County (Margaret L. Clancy, J.), entered on or about June 18, 2014, which granted defendant's motion to reargue, and upon reargument, adhered to a prior order, (same court, Seth L. Marvin, J.), entered on or about March 5, 2014, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs. Appeal from the March 5, 2014 order, unanimously dismissed, without costs, as academic.
Grand jury minutes and a victim impact statement provided reliable evidence that supported the court's determination in all respects (see People v Sincerbeaux, 27 NY3d 683, 687-688 [2016]; People v Mingo, 12 NY3d 563, 572-574 [2009]). Nothing in the record casts doubt on the veracity of the victim's account of defendant's extensive misconduct, and the disposition of defendant's underlying case does not warrant a different conclusion (see People v Epstein, 89 AD3d 570, 571 [1st Dept 2011]). The record also establishes that defendant received sufficient access to the relevant minutes.
Although defendant's correct point score is 95, rather than 105 as found by the court, defendant's presumptive risk level remains at level two, and even with that reduction, the record supports the court's discretionary upward departure to level three. The upward departure was based on clear and convincing evidence that there were aggravating factors not sufficiently taken into account by the risk assessment instrument (see People v Gillotti, 23 NY3d 841, 861 [2014]). Contrary to defendant's assertion, the court did not consider the egregiousness of defendant's conduct as a matter of "moral outrage," but for its bearing on defendant's likelihood of reoffense and the potential harm in the event of his reoffense. The mitigating factors defendant relies on were outweighed by the aggravating factors noted by the court.
We have considered and rejected defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK