People v Kelley (2020 NY Slip Op 02714)





People v Kelley


2020 NY Slip Op 02714


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Acosta, P.J., Renwick, Richter, González, JJ.


11475 2190/13

[*1] The People of the State of New York, Respondent,
v
Devonte Kelley, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Hunter Haney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Valerie Figueredo of counsel), for respondent.



Order, Supreme Court, New York County (Ellen N. Biben, J.), entered on or about May 8, 2017, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-c), unanimously affirmed, without costs.
Clear and convincing evidence supported the court's assessment of 20 points under the risk factor for the relationship (strangers) between defendant and a victim (see People v Postelli, 136 AD3d 514 [1st Dept 2016], lv denied 27 NY3d 907 [2016]). The evidence presented to the hearing court, including defendant's own exhibits, supported a finding that defendant was a stranger to at least one of his victims according to the guidelines. Among other things, the victims' knowledge of defendant as a neighborhood person who should be avoided because of his bad reputation was not an acquaintanceship for purposes of this risk factor.
In light of this determination, defendant's point score would make him a level three offender regardless of whether points should have assessed under the risk factor for defendant's age (20 years or less) at the time of his first sex crime. In any event, because of defendant's undisputed age and the plain language of the risk factor, the court was required to assess those points, with any overassessment to be addressed by way of a downward departure (see People v Johnson, 11 NY3d 416, 420 [2008]; People v Ferrer, 69 AD3d 513, 514 [1st Dept 2010], lv denied 14 NY3d 709 [2010]). However, based on the totality of the record before the hearing court, we find that the court providently exercised its discretion in declining to grant a downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]).
The court was required to designate defendant a sexually violent offender because he was convicted of an enumerated offense, as an adult offender under New York law, and his arguments to the contrary, including his constitutional claims, are unavailing (see People v Cisneros, 165 AD3d 499, 499 [1st Dept 2018]; People v Delacruz, 161 AD3d 519, 519 [1st Dept 2018] lv denied 32 NY3d 1037 [2018]).
Defendant did not preserve his challenge to the sufficiency of the court's findings. In any event, we find that a remand for further proceedings is unnecessary.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK