People v Duarte (2022 NY Slip Op 50275(U))

[*1]

People v Duarte (Vladimir)

2022 NY Slip Op 50275(U) [74 Misc 3d 134(A)]

Decided on April 19, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 19, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Tisch, JJ.

570601/17

The People of the State of New York,
Respondent, 
against
Vladimir Duarte, Defendant-Appellant.

Defendant appeals from an order of the Criminal Court of the City of New York, New York
County (Ann D. Thompson, J.), dated November 15, 2019, which adhered to its determination in
an order dated September 30, 2019, made after a hearing, designating him a level three sex
offender pursuant to the Sex Offender Registration Act ("SORA") (Correction Law Art.
6-C).

Per Curiam.
Order (Ann D. Thompson, J.), dated November 15, 2019, affirmed.
The court properly adjudicated defendant a level three sex offender. The court properly
assessed defendant 15 points under the risk factor for drug or alcohol abuse, i.e., risk factor 11
(see generally People v Palmer, 20 NY3d 373, 378-379 [2013]). Defendant's failure to
complete two drug and alcohol treatment programs while in prison and his accrual of four tier III
violations for drug or alcohol abuse while in prison constituted clear and convincing evidence of
substance abuse rather than mere use (see People v Woodward, 197 AD3d 1075, 1075-1076 [2021], lv
denied — NY3d —, 2022 NY Slip Op 61784 [2022]; People v Gonzalez, 157 AD3d 409
[2018], lv denied 31 NY3d 901 [2018]; People v Nelson, 145 AD3d 498 [2016], lv denied 29 NY3d
903 [2017]). Although the People did not seek points under risk factor 11, defense counsel
requested and was granted an adjournment to enable her to respond to this assessment (see People v Almonte, 171 AD3d
660 [2019]).
The court providently exercised its discretion in declining to grant a downward departure
from defendant's presumptive risk level to level two (see People v Gillotti, 23 NY3d 841
[2014]). Defendant's age, 44 years at the time of the hearing, does not warrant a downward
departure, nor do any of the factors described by defendant, which were already taken into
account in the risk assessment instrument and, as such, provide no basis for a downward
departure (see People v Diaz, 143
AD3d 552, 553 [2016]). Moreover, any mitigating factors were outweighed by the
seriousness of the underlying crime, which was committed against a 13 year old victim on her
way to school (see People v Baez,
157 AD3d 621 [2018], lv denied 31 NY3d 905 [2018]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: April 19, 2022