People v Bulina (2022 NY Slip Op 03215)

People v Bulina

2022 NY Slip Op 03215

Decided on May 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 17, 2022

Before: Mazzarelli, J.P., Oing, Moulton, González, Kennedy, JJ. 

Ind. No. 2366/16 Appeal No. 15946 Case No. 2020-00736 

[*1]The People of the State of New York, Respondent,
v
Gabriel Bulina, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Katherine M.A. Pecore of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Meghan McLoughlin of counsel), for respondent.

Order, Supreme Court, New York County (Thomas Farber, J.), entered on or about December 18, 2019, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). Defendant primarily cites his youth (age 18) at the time of the underlying crime as a mitigating factor. However, in general, a defendant's age (under 20) at the time of the first sex offense is accounted for in the risk assessment instrument, which treats it as a factor that increases the risk of reoffense rather than decreasing it, and assesses points accordingly. Defendant has not shown that, in his particular circumstances, his age warrants a downward departure, whether considered alone or in connection with the other mitigating factors he cites. All of these factors are outweighed by the seriousness of the violent sex crime defendant committed, which was far from a "childish" act, and we do not find any point assessments that overassess the risk of reoffense.
We find no basis for a remand for further proceedings. The record does not support defendant's claim that the court failed to appreciate its discretion to make an individualized, case-specific determination of defendant's departure request.
Defendant, who describes himself as a "juvenile," although his age at the time of the crime renders him an adult under both the former and current versions of Penal Law § 30.00, claims that his mandatory sexually violent offender designation is unconstitutional. His argument is similar to arguments that we have repeatedly rejected (see e.g. People v Ortiz, 160 AD3d 442, 443 [1st Dept 2018], lv denied 31 NY3d 913 [2018]; People v Cisneros, 165 AD3d 499 [1st Dept 2018]), and we decline to reach a different result.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 17, 2022