People v Powell (2022 NY Slip Op 50975(U))

[*1]

People v Powell (Damien)

2022 NY Slip Op 50975(U) [76 Misc 3d 137(A)]

Decided on October 6, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 6, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570166/16

The People of the State of New York,
Respondent, 
against
Damien Powell, Defendant-Appellant.

Defendant appeals from an order of the Criminal Court of the City of New York, New York
County (Felicia A. Mennin, J.), entered July 28, 2016, which, after a hearing, adjudicated him a
level three sex offender under the Sex Offender Registration Act ("SORA") (Correction Law Art.
6-C).

Per Curiam.
Order (Felicia A. Mennin, J.), entered July 28, 2016, affirmed.
The record supports the level three sex offender adjudication. The SORA court properly
assessed 15 points under risk factor 11 for defendant's history of drug abuse based on defendant's
own admissions about his long and extensive history of substance abuse, including his regular
use of marijuana and K2 since the age of fourteen. "In making that finding, the court
appropriately considered the report of a CPL article 730 examination prepared in connection with
the underlying conviction, including statements made by defendant during his examination" (People v Buford, 56 AD3d 381
[2008]; see People v Williams, 96
AD3d 421, 422 [2012], lv denied 19 NY3d 813 [2012]). Contrary to defendant's
contention, since SORA proceedings are civil in nature (see People v Mingo, 12 NY3d
563, 571 [2009]), the use of his statements was not prohibited by CPL 730.20(6).
As an alternative holding, the record also supports the SORA court's alternative finding that
defendant should be adjudicated a level three sex offender based upon a presumptive override for
a recent threat to reoffend by committing a sexual or violent crime. Just six days after being
released from prison for the underlying offense, defendant committed a new and very serious
crime, for which he ultimately pleaded guilty to attempted rape in the first degree (see People v Johnson, 44 AD3d
571 [2007], lv denied 10 NY3d 701 [2008]). 
Defendant's contention that he should have received a downward departure is unpreserved
(see People v Gillotti, 23 NY3d 841, 861 n 5 [2014]; People v Johnson, 130 AD3d 454 [2015], lv denied 26
NY3d 908 [2015]). In any event, we find no basis for such a departure.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: October 6, 2022