People v Montesquieu (2023 NY Slip Op 03311)

People v Montesquieu

2023 NY Slip Op 03311

Decided on June 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2023

Before: Webber, J.P., Oing, Gesmer, González, Pitt-Burke, JJ. 

Ind. No. 3406/16 Appeal No. 502 Case No. 2020-03811 

[*1]The People of the State of New York, Respondent,
v
Joseph Montesquieu, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Nicole P. Geoglis of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jaime Masten of counsel), for respondent.

Order, Supreme Court, New York County (Ellen N. Biben, J.), entered on July 30, 2020, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion when it declined to grant a downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant, who was 18 years old at the time of the underlying offense, primarily cites his age as a mitigating factor. However, defendant did not demonstrate that he posed a lower risk of reoffense due to his age (see People v Rodriguez, 145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]; see also People v Bulina, 205 AD3d 526 [1st Dept 2022], lv denied 38 NY3d 914 [2022]), and his principal argument is a general criticism of the way the Guidelines treat youthfulness. The other mitigating factors defendant cites were adequately taken into account by the risk assessment instrument, and all the alleged mitigating factors are outweighed by the seriousness of the underlying violent sexual attack.
The court was required to designate defendant a sexually violent offender because he was convicted as an adult of an enumerated offense (see People v Talluto, 39 NY3d 306, 315 [2022]). Defendant's constitutional challenges to this mandatory designation are unavailing and have been repeatedly rejected by this Court (see e.g. Bulina, 205 AD3d at 527; see also People v Knox, 12 NY3d 60, 68-69 [2009], cert denied 558 US 1011 [2009]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2023