People v McNeill (2023 NY Slip Op 05234)

People v McNeill

2023 NY Slip Op 05234

Decided on October 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2023

Before: Webber, J.P., Oing, Gesmer, Rodriguez, Rosado, JJ. 

Ind. No. 3359/16 Appeal No. 815 Case No. 2021-03907 

[*1]The People of the State of New York, Respondent,
v
William McNeill, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Nicole P. Geoglis of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Caroline S. Williamson of counsel), for respondent.

Order, Supreme Court, New York County (Curtis J. Farber, J.), entered on or about October 1, 2021, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The People were entitled to introduce the victim's grand jury testimony and her trial testimony from a codefendant's trial, along with the corroborative hearing and trial testimony of defendant's then-underage girlfriend and defendant's own statements of remorse, to establish clear and convincing evidence that defendant ran a prostitution ring, threatened the victim with a gun to get her to work for him as a prostitute, and raped the victim on multiple occasions (see People v Sincerbeaux, 27 NY3d 683, 688 [2016]; People v Sanchez, 192 AD3d 409, 410 [1st Dept 2021]; People v Epstein, 89 AD3d 570, 570-71 [1st Dept 2011]). Such evidence constituted "highly reliable proof" that outweighed any competing inferences to the contrary (Epstein, 89 AD3d at 570-71). Accordingly, the court's point assessments under risk factors 1 to 4 were properly made.
The court providently exercised its discretion when it declined to grant defendant's request for a downward departure (People v Gilotti, 23 NY3d 841, 861 [2014]). To the extent that defendant cites his lack of criminal history and family support, these factors were accounted for in risk factors 8, 9, 10, and 15, for which defendant was scored zero points, and they were far outweighed by defendant's horrific acts of luring a child victim to his apartment, repeatedly raping her, and forcing her to take part in a prostitution ring (see People v Romulus, 189 AD3d 553, 554 [1st Dept 2020], lv denied 37 NY3d 910 [2021]). Additionally, defendant accrued five tier II and two tier III infractions in prison, including a tier III infraction for violent conduct a few months before his release. Thus, his prison record was far from exemplary (see People v Holmes, 195 AD3d 528 [1st Dept 2021], lv denied 37 NY3d 912 [2021]; People v Chabrier, 38 AD3d 355 [1st Dept 2007], lv denied 9 NY3d 801 [2007]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2023