People v Washington (2024 NY Slip Op 06307)

People v Washington

2024 NY Slip Op 06307

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Kern, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Ind. No. 6992/88 Appeal No. 3282 Case No. 2018-2778 

[*1]The People of the State of New York, Respondent,
v
Anthony Washington, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Robin Richardson of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kalani A. Browne of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about October 27, 2017, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly assessed 20 points under the risk factor for relationship with victim. The victim's grand jury testimony "permitted a reasonable inference that she and defendant were strangers" (People v Arnold, 126 AD3d 463, 464 [1st Dept 2015], lv denied 25 NY3d 910 [2015]; see also People v Postelli, 136 AD3d 514 [1st Dept 2016], lv denied 27 NY3d 907 [2016]).
The court also properly assessed 10 points under the risk factor for failure to accept responsibility. Defendant did not genuinely accept responsibility; his statement of remorse at the SORA hearing, nearly 30 years after the offense, conflicted with his prior statements minimizing his responsibility (see People v Solomon, 202 AD3d 88, 96-97 [1st Dept 2021], lv denied 38 NY3d 906 [2022]; People v Hutchinson, 132 AD3d 606, 606-607 [1st Dept 2015], lv denied 26 NY3d 918 [2016]).
The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). Defendant contends that he did not commit any additional sex crimes in the approximately 30 years after his release from custody. However, he had 13 subsequent convictions, including a felony conviction, which indicates an "inability to control his behavior" (People v McCormick, 129 AD3d 644, 644 [1st Dept 2015], lv denied 26 NY3d 908 [2015]). He also failed to show that, in his particular circumstances, his age warranted a downward departure (see People v Bulina, 205 AD3d 526, 526 [1st Dept 2022], lv denied 38 NY3d 914 [2022]). In any event, these factors are outweighed by the seriousness of the violent sex crime he committed at knifepoint. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2024