People v Aponte (2024 NY Slip Op 06546)

People v Aponte

2024 NY Slip Op 06546

Decided on December 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 24, 2024

Before: Kern, J.P., Singh, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Ind. No. 30163/15 Appeal No. 3319 Case No. 2016-1881 

[*1]The People of the State of New York, Respondent,
v
Miguel Aponte, Appellant.

Twyla Carter, The Legal Aid Society, New York (Ying-Ying Ma of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Hunter Baehren of counsel), for respondent.

Order, Supreme Court, New York County (Abraham Clott, J.), entered on or about March 2, 2016, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously modified, as a matter of discretion in the interest of justice, to the extent of remanding for a further hearing on defendant's request for a downward departure, and otherwise affirmed, without costs.
The court properly assessed defendant 15 points under the risk factor for supervision. According to the case summary, defendant was released from incarceration without supervision, which requires imposition of 15 points in the risk assessment instrument. The case summary was sufficient, by itself, to support the court's assessment of these points (see People v Mingo, 12 NY3d 563, 573 [2009]; People v Postelli, 136 AD3d 514, 514 [1st Dept 2016], lv denied 27 NY3d 907 [2016]). Defendant's argument, raised for the first time on appeal, that defendant likely had some form of supervision after his release from incarceration, without more, does not overcome the weight of the case summary (see e.g. People v Irizarry, 124 AD3d 429, 429 [1st Dept 2015], lv denied 25 NY3d 907 [2015]).
However, because the court erroneously declined to address defendant's application for a downward modification, we remand the matter for a further hearing addressing the application, his current medical condition and living situation (People v Gillotti, 23 NY3d 841 [2014]; People v Hosear, 134 AD3d 633 [1st Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 24, 2024