People v Hooks (2025 NY Slip Op 05173)

People v Hooks

2025 NY Slip Op 05173

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Scarpulla, J.P., Friedman, González, Shulman, Rosado, JJ. 

Ind. No. 5588/97|Appeal No. 4752|Case No. 2022-03915|

[*1]The People of the State of New York, Respondent,
v
William Hooks, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jacquelyn Shelton of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julianna Sousou of counsel), for respondent.

Order, Supreme Court, New York County (Michele Rodney, J.), entered on or about August 5, 2022, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). Even assuming that advancing age could be a relevant mitigating factor, defendant "did not present any expert testimony or other evidence at the hearing that might have allowed the SORA court to make a finding that defendant is less likely to reoffend based on his age" (People v Frederick, 238 AD3d 493, 494 [1st Dept 2025]). Defendant relied only on his age at 59 years and general statistical studies for a finding of mitigating circumstances (see e.g. People v Diaz, 143 AD3d 552, 553 [1st Dept 2016]).
To the extent defendant relies on his claimed strong family support and his vocational training during incarceration as alleged mitigating factors for a downward departure, such circumstances were already taken into account as he was not assessed points under risk factor 15, which addresses post-release living/employment situations (see People v Austin, 237 AD3d 572, 574 [1st Dept 2025]). Defendant has not shown that these or other rehabilitative factors were so exceptional as to support a downward departure (see People v Frederick, 238 AD3d at 494). Not unlike the family-support mitigation arguments noted in People v Austin (237 AD3d at 574), defendant's current family support structure is the same as it was at the time he committed the sexual offense at issue. Whether there are appreciable changes in the family support remain to be seen, as the defendant spent the last 25 years of his life incarcerated (see People v Perez, 226 AD3d 487 [1st Dept 2024], lv denied 42 NY3d 905 [2024] [the Court found the "defendant has not demonstrated that his claimed support network and employment prospects decreased his particular likelihood of re-offense"]).
To the extent any of defendant's arguments in mitigation were not covered by the RAI, they are outweighed by the seriousness of defendant's offense, the danger that a reoffense by defendant would cause a high degree of harm, his lack of remorse, his lengthy incarceration throughout much of his adult life and failure to complete sex offender treatment (see People v Gonzalez, 235 AD3d 454 [1st Dept 2025]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025