People v Jacques (2025 NY Slip Op 06142)

People v Jacques

2025 NY Slip Op 06142

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Moulton, J.P., Gesmer, Rodriguez, Higgitt, Michael, JJ. 

Ind No. 9179/91|Appeal No. 5107|Case No. 2019-1856|

[*1]The People of the State of New York, Respondent,
v
Gary Jacques, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Whitney Elliot of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Faith DiTrolio of counsel), for respondent.

Order, Supreme Court, New York County (Michele S. Rodney, J.), entered on or about November 29, 2018, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court's assessment of 15 points each under risk factors 12 and 14 were supported by clear and convincing evidence(see generally People v Mingo, 12 NY3d 563, 571-572 [2009]). Regarding risk factor 12, relating to lack of acceptance of responsibility, defendant refused to participate in sex offender treatment over the more than two decades that he spent in prison (see People v Dunning, 166 AD3d 405, 406 [1st Dept 2018], lv denied 32 NY3d 917 [2019]). Moreover, in the two decades between defendant's crimes and his 2016 parole hearing, defendant never apologized or expressed remorse for his crimes, and there is no evidence that he ever expressed remorse other than in the context of requesting leniency from the Parole Board and the SORA court.
The assessment of 15 points under risk factor 14 was also supported by clear and convincing evidence that defendant would be unsupervised at the time of his release, including the case summary prepared by the Board of Examiners of Sex Offenders stating that defendant was subject to a final order of removal from the United States, and scheduled to be released to United States Immigration and Customs Enforcement for the sole purpose of his deportation (see People v Carvente, 233 AD3d 491, 491 [1st Dept 2024], lv denied 43 NY3d 907 [2025]; see also People v Selin-Martinez, 229 AD3d 646, 647 [2d Dept 2024], lv denied 42 NY3d 910 [2024]).
Defendant's arguments underlying his claim for a downward departure are partially unpreserved. Although at the end of the hearing, he asked the court to clarify whether it was denying a downward departure, defendant did not make arguments during the hearing specifically in support of a downward departure nor did he seek to further litigate the issue when the court denied the application (see People v Johnson, 130 AD3d 454, 454 [1st Dept 2015], lv denied 26 NY3d 908 [2015]; see also People v Gillotti, 23 NY3d 841, 861 n 5 [2014]). In any event, we find that no departure was warranted given "the egregiousness of defendant's conduct" (People v Field, 214 AD3d 418, 419 [1st Dept 2023], lv denied 40 NY3d 902 [2023]), where he burglarized, sexually assaulted, and robbed three separate victims at knifepoint in their homes. The mitigating factors cited by defendant were outweighed by the extreme seriousness of the underlying pattern of repeated, predatory sex crimes (see People v Quinones, 123 AD3d 460, 460 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025