People v Laubriel
2026 NY Slip Op 03403
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Joe Laubriel, Defendant-Appellant.

Decided and Entered: June 02, 2026
SCI No. 986/97|Appeal No. 6773|Case No. 2024-04053|
Before: Manzanet-Daniels, J.P., Kennedy, Mendez, Michael, Hagler, JJ.

Manzanet-Daniels, J.P., Kennedy, Mendez, Michael, Hagler, JJ.
6773The People of the State of New York,
Respondent,
-against-
Joe Laubriel,
Defendant-Appellant.SCI No. 986/97Case No. 2024-04053
Twyla Carter, The Legal Aid Society, New York (DÉsirÉe Sheridan of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Connor S. Glendinning of counsel), for respondent.

[*1]
Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about May 2, 2024, which denied in part defendant's Correction Law § 168-o(2) petition to modify his sex offender classification, unanimously affirmed, without costs.
The court providently exercised its discretion in modifying defendant's risk level three classification to level two but denying a further modification to level one, as defendant sought (see People v Rosario, 227 AD3d 416, 416 [1st Dept 2024], lv denied 42 NY3d 907 [2024]). Defendant has not presented a basis for this Court to exercise its independent discretion to further reduce his risk level to level one. The mitigating factors cited by defendant, including his age, law-abiding life since his release in 2001, and community support do not outweigh the seriousness of the underlying sex crime committed against his child (see People v Harper, 176 AD3d 592, 592 [1st Dept 2019], lv denied 35 NY3d 902 [2020]; People v Shaljamin, 164 AD3d 1169, 1169 [1st Dept 2018]; People v Diaz, 143 AD3d 552, 553 [1st Dept 2016]; People v Cabrera, 91 AD3d 479, 480 [1st Dept 2012], lv denied 19 NY3d 801 [2012]). Furthermore, defendant's letters of support from his mother and community do not adequately demonstrate those individuals' familiarity with the nature and seriousness of defendant's offense (Shaljamin, 164 AD3d at 1169).
Although defendant challenges the adequacy of the court's findings, remand is unnecessary because the record is sufficient for this Court to make its own findings (see Rosario, 227 AD3d at 416).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026